UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

KAREN CINTRON,

               Plaintiff,

      -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER "JOHN DOE (1)-(4)",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

               Defendants.

--------------------------------------------------------X

**VERIFIED**
**COMPLAINT**
**AND DEMAND FOR**
**A JURY TRIAL**

1.  This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States for false arrest, excessive force, and deliberate indifference based upon the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.  Plaintiff Karen Cintron is a resident of New York City, State of New York.

4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about May 22, 2013, Plaintiff was temporarily staying with a relative at 270 E. Burnside Avenue, Bronx, New York, having been there less than a week.

10. On that date, at about 6:00 A.M., the Defendant officers forcibly entered the premises, apparently pursuant to a search warrant.

11. Plaintiff was asleep at the time in a bedroom. The police found her in the bed with her 11 year old boy. They proceeded to jump on her and kneed her in the back while they forcibly lifted her up, and put handcuffs on her.

12. According to the police, they found cocaine in the living room.

13. Notwithstanding that plaintiff was not the apparent target of the warrant, and was not in the room where the drugs were recovered, the police arrested plaintiff and charged her with felony possession of drugs.

14. Plaintiff's wrists were handcuffed extremely tight. She asked them several times to loosen the cuffs, but said requests were denied.

15. Plaintiff spent approximately 31 hours in custody before she was released by a

judge at arraignment on her own recognizance.

16.     Upon her release, plaintiff went to Metropolitan Hospital for treatment to her back and wrists. She later followed up at a clinic.

17.     On or about July 9, 2013, all charges were dismissed against her on the motion of the prosecutor.

18.     Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19.  Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been  reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

20.  Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

## AS AND FOR A FIRST
## CAUSE OF ACTION FOR FALSE ARREST
### (42 U.S.C. §1983)

21. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

22.  As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of her liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendants subjected Plaintiff to these deprivations of her rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

24. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983)

25.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

26.     As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of her right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27. Defendants subjected Plaintiff to these deprivations of her rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

28.     These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

29. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION FOR
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

30.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

31.  Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

32. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC § 1983 and 42 USC § 1985, and,

2.  Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.  Enter a judgment, jointly and severally against Defendants "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4.  Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
May 3, 2016

**RESPECTFULLY,**

/s/

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

VERIFICATION

I, KAREN CINTRON, the plaintiff in the above action, having read the Complaint,

hereby swear to its accuracy under penalties of perjury.

Dated: New York, New York
      May 3, 2016

_____
KAREN CINTRON

Sworn to before me this
3rd day of May, 2016.

_____
NOTARY PUBLIC

STEVEN HOFFNER
Notary Public, State of New York
No. 02HO6989523
Qualified in New York County
Commission Expires Dec 5, 2017